UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSVALDO GUZMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE and RAYMOND A. POLANCO,<br><br>                              Defendants. | 23 Civ. 10119 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is the Defendant Government's[1] motion to dismiss Plaintiff Osvaldo Guzman's Complaint. *See* ECF No. 13. For the reasons set forth below, Defendant's motion is **GRANTED**.

## BACKGROUND

This is the second of two lawsuits brought by Plaintiff arising from an incident on December 23, 2019, during which Plaintiff was struck by a United States Postal Service ("USPS") vehicle ("the incident"). *Guzman v. United States Postal Serv.*, No. 21 Civ. 4415, 2022 WL 17169529, at *1 (Nov. 17, 2022) (*Guzman I*), *adopted by* 2022 WL 17417527 (S.D.N.Y. Dec. 5, 2022). On October 22, 2020,[2] Plaintiff filed an administrative claim with the USPS. *Guzman I*, 2022 WL 17169529, at *1. Around one week later, on November 2, 2020, a USPS Torts Claim Examiner/Adjudicator sent a letter to Plaintiff's counsel requesting medical records and itemized bills for treatment received in connection with Plaintiff's incident. *Id.* at *2. Defendant never

---

[1] The "Government" refers to the United States of America, rather than the named defendants. *See Skyers v. Sommer*, No. 12 Civ. 3432, 2016 WL 4484241, at *7 (S.D.N.Y. Aug. 23, 2016) ("The only proper defendant to a tort claim under the FTCA is the United States.").

[2] In his Complaint, Plaintiff appears to cite this date as October 14, 2020. ECF No. 1 ¶ 16. This discrepancy is immaterial to this Court's analysis.

responded to the Examiner's request for additional information; Defendant's attorney asserts he never received the November 2, 2020 letter. *Id.* As a result, on May 17, 2021, Plaintiff filed his original Complaint in connection with the incident. *Id.* On July 28, 2021, USPS denied Plaintiff's administrative claim by letter. *Id.* On November 17, 2022, Magistrate Judge Lehrburger issued a Report and Recommendation recommending the dismissal of Plaintiff's Complaint on the grounds that the "notice of claim Guzman submitted to USPS was not sufficient to satisfy the FTCA's jurisdictional presentment requirement" because it "included only a vague account of the incident and an overly general description of his injuries." *Id.* at *3.[3] The Report and Recommendation was adopted by Judge Kaplan on December 5, 2022. *See Guzman*, 2022 WL 17417527 at *1.

Around 11 months later, on November 17, 2023, Plaintiff filed a second Complaint, *see* ECF No. 1, which is largely identical to his original 2021 Complaint and continues to rely on the originally filed administrative claim from October 2020. *Compare* second Compl. ¶¶ 7-31, ECF No. 1 *with* original Compl. ¶¶ 7-31, *Guzman I*, No. 21 Civ. 4415, 2022 WL 17169529 (S.D.N.Y. Nov. 17, 2022); *see also* second Compl. ¶ 16 ("On October 14, 2020, a claim was filed with USPS"). On March 21, 2024, Defendant filed a motion to dismiss. *See* ECF No. 13. Plaintiff filed his Opposition on April 9, 2024, *see* ECF No. 15, and Defendant filed a Reply on April 19, 2024, *see* ECF No. 16. In his Opposition, Plaintiff argues he submitted a second administrative claim on January 25, 2024 to "address the purported deficiencies in the [original] Form 95." ECF No. 15 at 8; *see also id.* at 5, 10-11.

---

[3] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

**LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**DISCUSSION**

**1.      The FTCA**

A claimant may file an FTCA claim in federal court only after satisfying the presentment requirement. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"); *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). To satisfy the presentment requirement, a claimant's administrative claim "must provide a reviewing agency with sufficiently specific information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought." *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021).

Furthermore, under the FTCA, an action "shall be forever barred . . . unless [it] is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) ("six-month statute of limitations"). But if no final disposition of a claim is made by an agency within six months after filing of a claim, that shall be treated as an effective denial of the claim, starting the six-month

statute of limitations for bringing an action under the FTCA. *See* 28 U.S.C. § 2675(a) (stating that the "failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim").

2. **Whether Plaintiff's Second Complaint Is Untimely**

The Second Circuit has not yet addressed the issue of how to assess the timeliness of an FTCA claim where the claimant has filed duplicative administrative claims. This Court therefore turns to out-of-Circuit guidance on this question. The First Circuit confronted this issue in *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010), and explained that where a claimant "has filed duplicative administrative claims, an inquiring court can regard the second claim in one of two ways: as either an attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim." Where "[n]othing to change the substance of the claims occurred in the interval between the first and second filings . . . the second administrative claim serve[s] no legitimate purpose" and will be treated merely as an attempt to re-file the initial claim. *Id.* In such circumstances, the second claim lacks "any legal effect," and will have no effect on the statute of limitations. *Id.*; *see also id.* ("After all, it would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had shut."). Alternatively, a second administrative claim may be considered as a request for reconsideration of a denial of the original claim. *Id.* at 42-43. However, such requests for reconsideration must be made to the agency prior to the expiration of the "six-month period following the denial of [the original] claim." *Id.* at 43 (citing 28 C.F.R. § 14.9(b)).

Here, Plaintiff's second administrative claim is undoubtedly duplicative of his original one because both arise from the same incident. *See id.* at 42 (finding second claim duplicative because "the only inference that can be drawn is that both claims relate to [a single] injury"); *Broussard v.*

4

*United States*, 52 F.4th 227, 230 (5th Cir. 2022) (finding second claim duplicative because, even though it alleged personal injury damages whereas the original claim alleged property damages, both arose "out of the same incident"); 32 C.F.R. § 750.26(c) (describing the proper administrative claim as "a notice . . . of an *incident* giving rise to Government liability under the FTCA") (emphasis added); Mem. of L. in Opp'n to Def.'s Br. ("Pl.'s Opp'n") 8, ECF No. 15 ("[U]pon the dismissal of the first action, the plaintiff took proactive steps to address the purported deficiencies in the Form 95 by submitting a corrected version and supplementing it with detailed medical records on file").

Accordingly, Plaintiff's second administrative claim does not restart the six-month period in which to file suit, rendering his Complaint in this case untimely. At the latest, Plaintiff would have needed to file his Complaint within six months of July 28, 2021—when USPS denied Plaintiff's original administrative claim by letter, see *Guzman I*, 2022 WL 17169529, at *2—i.e., by January 28, 2022.[4] The Complaint in this case was not filed until November 17, 2023, *see* ECF No. 1, more than a year and a half too late.

Of course, Plaintiff did file *a* Complaint by January 28, 2022 (and even by October 22, 2021): the original Complaint in *Guzman I* filed on May 17, 2021. *See* 2022 WL 17169529, at *2. But that original Complaint, though timely, was dismissed for failure to satisfy the presentment requirement because Plaintiff's original administrative claim "included only a vague account of the incident and an overly general description of his injuries." *Id.* at *3. Now—*after* dismissal by a district court—Plaintiff essentially seeks to cure this defect in presentment by filing a second

---

[4] Arguably, Plaintiff was required to file his Complaint even earlier. As of April 22, 2021, his first administrative claim had been pending with no final disposition for six months, which, as explained, *supra*, constitutes constructive denial of his claim. Using that benchmark, his Complaint would have to have been filed by October 22, 2021.

5

administrative claim that "supplement[s] [the original one] with detailed medical records." Pl.'s Opp'n 8.

But Plaintiff has no such option. Instead, "[i]f Plaintiff[] intended to amend their FTCA claim[], they would have had to do so before filing suit or being notified of final denial by" USPS. *Baker v. United States*, No. 12 Civ. 494, 2013 WL 3745880, at *6 (D.N.J. July 15, 2013); *see also* 28 C.F.R. § 14.2(c) ("A claim . . . may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. [§] 2675(a)."); *Palmer-Williams v. United States*, No. 14 Civ. 9260, 2016 WL 676465, at *6 (S.D.N.Y. Feb. 18, 2016) ("[T]he language and the logic of the FTCA requires a finding that the Plaintiffs are not permitted to start over after filing suit on administrative claims that were finally denied by filing 'amended' claims once the statutory [six-month] window has closed."); *James v. United States*, No. 99 Civ. 4238, 2003 WL 22149524, at *5-6 (S.D.N.Y. Sept. 17, 2003) ("[P]laintiff can no longer amend his administrative claim" because the agency had already taken final action rejecting the same); *Harrison v. United States*, 707 F. Supp. 3d 245, 250-51 (E.D.N.Y. 2023) (declining to treat medical records submitted during litigation as curative of a defect in presentment because "the claim itself had *already been denied* when they were shared") (emphasis added); *Furman v. United States Postal Serv.*, 349 F. Supp. 2d 553, 558-59 (E.D.N.Y. 2004) (declining to treat medical records received by USPS as curative of a defect in presentment because they "were received *after* the claim had already been denied by the USPS and *after* this lawsuit was filed") (emphasis added).[5]

---

[5] As a last resort, Plaintiff argues that he is entitled to equitable tolling. *See* Pl.'s Opp'n 12 ("[I]t is essential to consider the circumstances that led to the initial failure to present our claim properly."). This Court disagrees. First, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d. Cir 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Plaintiff's bare and conclusory assertion that "[o]btaining the requisite records and information to support our claim proved to be a challenging task, requiring considerable time and effort," Pl.'s

But even if the Court were to treat Plaintiff's second administrative claim as a request for reconsideration of the denial of his first claim, that would not save his case, because any such request for reconsideration would be untimely. A request for reconsideration must be filed within six months of the administrative decision for which reconsideration is sought. *See Roman-Cancel v. United States*, 613 F.3d at 43 (citing 28 C.F.R. § 14.9(b)). Once again, the latest that date could be is six months from July 28, 2021—when USPS denied Plaintiff's original administrative claim by letter—i.e., by January 28, 2022. But Plaintiff filed his second administrative claim on January 25, 2024, s*ee* Pl.'s Opp'n 5, 8, 10-11, more than two years too late.[6]

Finally, even if Plaintiff's second administrative claim were treated as a new or distinct claim triggering a new limitations period (rather than as duplicative of his original administrative claim), dismissal of his Complaint in this case would still be warranted. First, because Plaintiff's second administrative claim was purportedly presented in January 2024 (more than two years after the December 23, 2019 incident), it is time-barred by the FTCA's statute of limitations barring tort claims that are not "presented in writing to the appropriate Federal agency within *two years* after

---

Opp'n 12, does not satisfy the second requirement. *See Castillo*, 656 F.3d at 144 ("[E]quitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances."). Second, medical records were not essential, because the presentment requirement is "one of notice, not proof." *Guzman I*, 2022 WL 17169529, at *4. Plaintiff failed to satisfy that requirement with his first administrative claim because it included "only a vague account of the incident and an overly general description of his injuries," *not* because he failed to provide medical records. *Id.* at *3; *see also Collins*, 996 F.3d 102 at 105 (stating that the presentment requirement "does not necessarily require that a claimant provide an agency with supporting evidence. Rather, [it] mandates that the claimant present the agency with sufficient information—whether through *narrative, evidence, or other means*") (emphasis added).

[6] Even if this Court were to toll the six-month statute of limitations up until the dismissal of the Complaint in *Guzman I* on December 5, 2022, Plaintiff's second Complaint (or second administrative claim) would still be untimely because such tolling would require Plaintiff to file his second Complaint (or second administrative claim) by June 5, 2023.

7

such claim accrues."[7]  28 U.S.C. § 2401(b) (emphasis added).  Second, "a claimant may not institute—that is, 'begin' or 'commence'—an action unless the claimant has already presented his claim and [the] agency has *denied* it."  *Lamb v. Millennium Challenge Corp.*, 573 F. Supp. 3d 346, 362 (D.D.C. 2021) (emphasis added).  Here, Plaintiff filed his Complaint in this case on November 17, 2023, *see* ECF No. 1, *before* he purportedly filed his second administrative claim on January 25, 2024.  *See* Pl.'s Opp'n 5, 8, 10-11.[8]  And he does not allege that his purported second administrative claim has been denied by USPS.  Accordingly, even if the Court were to treat Plaintiff's second administrative claim as a new and entirely separate claim—which it is not—that would not save his Complaint.  *See McNeil*, 508 U.S. at 111 (1993) (finding petitioner's complaint premature because, at the time of its filing, "petitioner had neither presented his claim to the [agency], nor had his claim been '*finally denied*' by that agency") (emphasis added).

---

[7] Plaintiff makes no statutory tolling argument.  This Court notes that if the FTCA's two-year statute of limitations were tolled by the period of time between the filing of Plaintiff's original administrative claim on October 22, 2020 and the original Complaint's dismissal on December 5, 2022 (774 days), then Plaintiff's second administrative claim would fall within the limitations period.  However, Plaintiff cites no case law for that proposition.

[8] Subject matter jurisdiction is determined at the time of the filing of a Complaint.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.").  Here, the second administrative claim was not even filed at the time that Plaintiff initiated this action.

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is **GRANTED**. Because this Court bases its holding on the FTCA's six-month statute of limitations, this Court need not reach Defendant's other bases.

The Clerk of Court is directed to terminate ECF No. 13.

SO ORDERED.

Date: February 13, 2025
New York, New York

DALE E. HO
United States District Judge